_____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-00255-FWS-JDE | Date: September 6, 2024 |
| Title: Lewis Scott Reid v. Costco Wholesale Corporation et al. | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: FAILURE TO COMPLY WITH DEADLINE TO COMPLETE SETTLEMENT CONFERENCE AS SET FORTH IN THE COURT'S JUNE 13, 2024, OPERATIVE SCHEDULING ORDER**

The court has received Joint Status Report regarding Settlement, (Dkt. 51 ("Report")), filed on September 5, 2024, by the parties. The Report states, "On September 3, 2024, counsel for the parties discussed settlement in the above referenced case." The Report further states, "On September 4, 2024, the parties agreed to mediation with Sean Burke, Esq.," "[t]he mediation is currently scheduled for October 10, 2024, at 11:00 a.m.," and [t]he parties have not been able to reach a settlement to date but will continue to discuss settlement figures leading up to the mediation." (Report at 2.) The court observes that the "Deadline to Complete Settlement Conference [L.R. 16-15]" in the court's operative June 13, 2024, Schedule Order was on August 1, 2024, (Dkt. 45 ("Operative Scheduling Order")). The court further notes that the mediation is scheduled on the same date as the pretrial conference, and in fact, is scheduled two and one-half hours after the pretrial conference. (*Compare* Report at 2 *with* Operative Scheduling at 2.)

Given that the Report indicates that the parties' mediation is scheduled on October 10, 2024, over two months after the August 1, 2024, deadline in the Operative Scheduling Order to complete a settlement conference, the court **ORDERS** Plaintiff's counsel and Defendant's counsel to show cause why sanctions should not be imposed for violating the Operative

_____

**CIVIL MINUTES – GENERAL**                                                                                          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00255-FWS-JDE                                       Date: September 6, 2024
Title: Lewis Scott Reid v. Costco Wholesale Corporation et al.

Scheduling Order. *See Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) ("Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power."); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence."); *Fink*, 239 F.3d at 994 ("[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."); Fed. R. Civ. P. 16(f) (permitting issuance of sanctions based on a party's failure to abide by a scheduling or other pretrial order); L. R. 83-7 ("The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.").

More specifically, Plaintiff's counsel and Defendant's counsel are both individually **ORDERED TO SHOW CAUSE** in writing, on or before **September 12, 2024, at 12:00 p.m**., why sanctions, including monetary sanctions, should not be imposed for failing to comply with the deadline to complete settlement conference as set forth in the Operative Scheduling Order. The individual, written responses by respective counsel to the Order to Show Cause must be accomplished by way of a declaration of no more five (5) pages. The court sets a hearing on the Order to Show Cause on **September 19, 2024, at 9:30 a.m., in Courtroom 10D**, for which Plaintiff's counsel and Defendant's counsel are **ORDERED** to appear in-person.

Initials of Deputy Clerk:  mku